
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAN DORAN and JULIE DORAN, | CV 4:18-cv-136-GF-SPW |
| Plaintiffs, | |
| vs. | ORDER |
| WILLY SMITH; TRAVIS BURROW; KALEB LARSON; RON MARTIN; DIRK JOHNSON; RYAN BALL; CITY OF GREAT FALLS; and DOES 1-10, | |
| Defendants. | |

Before the Court is Defendant Willy Smith's motion for summary judgment on all counts. (Doc. 56). For the following reasons, the Court grants in part and denies in part the motion.

## I.   Background

In September 2015, Loretta Day passed away and left her home in Great Falls, Montana, to her son Dan Doran, and her two other children. (Doc. 54 at 1-2). On or around the early morning hours of January 15, 2016, a fire destroyed the home. (Doc. 54 at 1-2).

Shortly after the fire, Defendant Willy Smith called the fire chief, Ron Martin, and told him he suspected Plaintiff Dan Doran started the fire to collect insurance money because Doran had been involved in three fires in the past. (Doc. 62-4 (Smith Depo.) at 9:21-22; 15:9-17; 17:18-18:2). Smith told Martin his suspicion was pure speculation and he had no proof. (Smith Depo. at 16:7-10). Smith's allegations formed part of the Cascade County Attorney's Office's affidavit of probable cause to charge Doran with arson and insurance theft. (Doc. 42-2 at 5). The affidavit stated "the Great Falls Fire Department received a phone call stating Dan Doran, the above named defendant, set the fire and has set the fires in the past when he needed money." (Doc. 42-2 at 5). The affidavit continued, "the individual provided information on a previous attempt to set this residence on fire. The individual indicated that approximately two weeks to a month before this fire of the residence, there was cardboard and a lamp set up in the basement of the residence in an apparent attempt to start a fire. The individual stated [Doran] and Katy were the only persons present at the time of this attempted fire." (Doc. 42-2 at 5). The state judge later dismissed the theft charge. (Doc. 42-14 at 2). After a jury trial, Doran was acquitted of the arson charge. (Doc. 62-2 (Ball Depo.) at 54:21-25).

Smith also contacted the insurance company which insured the home. (Doc. 61-5 at 2-3). Smith made similar incriminating statements about Doran to the

2

insurance company. (Doc. 61-5 at 2-3). The insurance company declined to cover the loss of the home because it believed Doran's alleged arson excluded the home from coverage. (Doc. 61-5 at 1-4). In its letter declining to cover the loss of the home, the insurance company specifically mentioned Smith's allegations as evidence that Doran had purposely started the fire. (Doc. 61-5 at 3). After the estate sued, the insurance company settled the claim for a substantial sum. (Doc. 61-6).

Doran sued Smith and several City and County officials for, among other things, negligence, malicious prosecution, intentional and negligent infliction of emotional distress, defamation, and punitive damages. (Doc. 17). Smith is the only Defendant remaining in the case, the others have either settled or been dismissed.

Smith moved for summary judgment on every count. (Doc. 56). Doran conceded the motion for every count except negligence (Count 2), negligent infliction of emotional distress (Count 5), defamation (Count 9), and punitive damages.

## II.    Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment

3

always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III.     Discussion

### A.     Negligence (Count 2)

Smith argues the complaint does not meet Federal Rule of Civil Procedure 8(a)(2)'s requirements because there is no allegation Smith owed a duty of care or breached it. The Court disagrees.

Rule 8 requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Pacific Coast Federation of Fisherman's Associations v. Glaser*, 937 F.3d 1191, 1200 (9th

Cir. 2019). Rule 8 is satisfied so long as the other side receives notice as to what is at issue in the case. *Pacific Coast*, 937 F.3d at 1200.

Although the First Amended Complaint is not the most artful pleading the Court has ever read, it satisfied Rule 8(a)(2)'s standard because it gave Smith fair notice of Doran's claim against him. The First Amended Complaint alleges Smith called the fire chief and "told him that Dan had started the fire in Loretta Day's house, and that Dan had set fires before in houses owned by Loretta Day and had collected insurance settlements from the fires." (Doc. 17 at ¶ 31). The First Amended Complaint further alleges Smith's assertions were complete speculation and unsupported. (Doc. 17 at ¶ 32). The First Amended Complaint alleges Smith's assertions were used in an affidavit of probable cause to charge Doran with Theft and Arson. (Doc. 17 at ¶ 68). The First Amended Complaint concludes that "[a]s a direct and proximate result of Defendants' negligence, Dan and Julie suffered damages." (Doc. 17 at ¶ 117). The First Amended Complaint gave Smith ample notice that he had negligently asserted speculative and unsupported statements to the fire chief which led to Doran's prosecution and denial of an insurance claim. Summary judgment as to Count 2 is denied.

**B.      Negligent infliction of emotional distress (Count 5)**

Smith argues Doran's emotional distress is not sufficiently severe to survive as a stand alone claim. Doran responds it is not a stand alone claim but instead just

5

a claim for emotional distress damages. The Court grants summary judgment on Count 5 as a stand alone claim but the Court's ruling does not preclude Doran from pursuing emotional distress damages as a category of damages available under another count.

### C.    Defamation (Count 9)

Smith argues Doran has no proof the statements were false and also no facts showing the statements caused damage. Doran responds Smith's own deposition testimony, wherein he admitted his assertions were speculative and without proof, is evidence of falsity. Doran further responds Smith's assertions caused both general and special damages. The Court holds disputed issues of fact preclude summary judgment on Count 9.

Smith himself admitted his allegation that Doran started the fire for insurance money was pure speculation and unsupported. (Smith Depo. 16:7-10). The investigation into a 2006 fire on another of Loretta Day's properties concluded it was an accident caused by faulty electrical wiring. (Doc. 61-14). Past insurance payments due to fire loss on Loretta Day's properties suggest Doran received no money from insurance. (Doc. 61-12 and Doc. 61-13). This evidence creates an issue of fact as to whether Smith's assertion that Doran started the fire for insurance money is false.

As to whether Smith's alleged defamation caused Doran damage, causation is ordinarily a question of fact for the jury. *Riley v. American Honda-Motor Co., Inc.*, 856 P.2d 196, 132 (Mont. 1993). In rare circumstances, causation may be determined as a matter of law "where reasonable minds can reach but one conclusion regarding causation." *Riley*, 856 P.2d at 132 (citing *Brohman v. State*, 749 P.2d 67, 70 (Mont. 1988)). Here, reasonable minds could differ on whether Smith's alleged defamation caused Doran damage. It's an undisputed fact Smith's allegations formed part of the prosecution's affidavit of probable cause. It's also an undisputed fact Smith's allegations formed part of the insurance company's decision to not cover the loss. Therefore, causation is best left for the jury to decide.

### D.    Compensatory damages, punitive damages, and attorney fees

Smith argues Doran is not entitled to compensatory damages because all counts fail as a matter of law. The Court has found otherwise, which leaves compensatory damages as an issue for trial. Summary judgment is denied as to compensatory damages.

Smith argues Doran is not entitled to punitive damages because he has no evidence Smith acted with actual malice. Punitive damages may be awarded when the defendant has been found guilty of actual malice. Mont. Code Ann. § 27-1-221(1). Actual malice means the defendant has knowledge of facts or intentionally

7

disregards facts that create a high probability of injury to the plaintiff and (1) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (2) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff. Whether Smith's allegedly false assertion Doran started the fire to collect insurance money, and had done so in the past, amounts to actual malice is a question of fact for the jury to decide. Summary judgment is denied as to punitive damages.

Smith argues there is no legal basis for attorney fees. Whether an award of attorney fees is appropriate is properly determined after the jury's verdict under Federal Rule of Civil Procedure 54(d)(2). Summary judgment is denied as to attorney fees.

## IV. Conclusion and order

Smith's motion for summary judgment (Doc. 56) is granted with respect to Counts 1, 3, 4, 5, 6, 7, and 8, and denied with respect to Counts 2, 9, compensatory damages, punitive damages, and attorney fees.

DATED this ___7th___ day of November, 2019.

SUSAN P. WATTERS
United States District Judge

8